A236 365 850

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

500 Poydras Street

New Orleans, LA 70130

CARLOS R. ARAGON ARIAS ,
   Petitioner,

v.                        Civil Action No. **26-00461**

PAM BONDI, Attorney General of the United States; **SECT.DMAG.3**
KRISTI NOEM, Secretary of the Department of Homeland Security;
TODD LYONS, Director of U.S. Immigration and Customs Enforcement;
WARDEN OF WINN CORRECTIONAL CENTER
   Respondents.

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241

## INTRODUCTION

- I, Carlos R. Aragon Arias, am currently detained by U.S. Immigration and Customs Enforcement ("ICE") at Winn Correctional Center at 560 Gum Spring Road, Winnfield, Louisiana 71483.

- I have been detained since Monday, December 20, 2025, without a bond hearing and without any individualized determination that my detention is necessary.

- My continued civil immigration detention violates the Due Process Clause of the Fifth Amendment because it is not reasonably related to any legitimate governmental purpose, and because I have not been given a constitutionally adequate bond hearing.

- I respectfully request that this Court issue a writ of habeas corpus ordering my immediate release, or, in the alternative, ordering the government to provide me with a prompt, constitutionally compliant bond hearing at which the government must prove by clear and convincing evidence that continued detention is necessary.

2

A236 365 850

Aragon v. Bondi, et al., Civil Action No. _____

## JURISDICTION AND VENUE

- This Court has jurisdiction under 28 U.S.C. § 2241, which authorizes federal courts to grant writs of habeas corpus to individuals held "in custody in violation of the Constitution or laws or treaties of the United States."

- Venue is proper in the District of Louisiana because Petitioner is detained within this District at Winn Correctional Center.

## PARTIES

Petitioner:
Carlos R. Arias Aragon, currently detained at Winn Correctional Center.

Respondents:
a. Pam Bondi, Attorney General of the United States.
b. Kristi Noem, Secretary of the Department of Homeland Security.
c. Todd Lyons, Director of U.S. Immigration and Customs Enforcement.
d. Warden of Winn Correctional Center, who has immediate custody over Petitioner.

## FACTUAL BACKGROUND

- I was taken into ICE custody on December 20, 2025. I was first detained at Elizabeth Contract Detention Facility in Elizabeth, New Jersey. I was then transferred to Winn Correctional Facility in Winnfield, Louisiana on January 2, 2026, and have remained here since.

- I have not been provided with a bond hearing or any individual determination of whether my detention is necessary.

- My detention is civil, not criminal, and it must comply with constitutional due process protections.

- I do not pose a danger to the community, and I am not a flight risk. I have never committed a crime in the United States and have never missed any Judicial Hearing, my wife, children, and U.S Citizen grandchild, live in New Jersey.

3

Aragon v. Bondi, et al., Civil Action No. _____

- I suffer of a heart condition and high blood pressure, that are not being treated while in detention.

- I have a pending U-Visa application before USCIS that was filed on March 25, 2025.

**LEGAL CLAIMS**

COUNT I: Prolonged Detention Violates Due Process
- The Fifth Amendment prohibits the government from detaining a noncitizen for a prolonged period without an individualized hearing to determine whether detention is justified.

- Petitioner's detention, without any bond hearing, violates due process because it is not reasonably related to ensuring his appearance or protecting the community.

COUNT II: Failure to Provide a Bond Hearing Violates Due Process
- Due process requires that civil detainees receive a bond hearing at which the government bears the burden of proving, by clear and convincing evidence, that detention is necessary.

- Petitioner has received no such hearing, rendering his detention unconstitutional.

**REQUEST FOR RELIEF**

Petitioner respectfully requests that this Court:

A. Order his immediate release from ICE custody;
OR, in the alternative:

B. Order Respondents to provide Petitioner with a prompt bond hearing before an immigration judge, at which the government must prove by clear and convincing evidence that continued detention is necessary;

C. Grant any other relief the Court deems just and proper.